CORTIJO, RECURRENTE, *v.* EL REGISTRADOR DE LA PROPIEDAD, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 1ª., denegando la inscripción de una escritura de cancelación de hipoteca.

No. 196.—Resuelto en diciembre 9, 1914.

HIPOTECA PERTENECIENTE A LA SOCIEDAD DE GANANCIALES—CANCELACIÓN OTORGADA POR EL MARIDO SIN EL CONCURSO DE LA ESPOSA—RATIFICACIÓN POSTERIOR POR LA ESPOSA.—La cancelación de una hipoteca perteneciente a la sociedad de gananciales, otorgada solamente por el marido sin el concurso de la esposa no es completamente nula, sino que por el contrario es válida en cuanto al esposo y sus herederos y una vez ratificada por la esposa es completamente válida y susceptible de ser inscrita en el registro de la propiedad.

Los hechos están expresados en la opinión.

Abogados del recurrente: *Sres. Travieso & Iriarte.*

El Registrador Sr. José S. Belaval no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El día 23 de octubre de 1912, la recurrente en este caso, Tomasa Cortijo, confesó adeudar a Ramón Valdés Cobián, la suma de $500 que le había facilitado en calidad de préstamo, obligándose a devolver dicha suma con intereses a razón del 10 por ciento anual, el día 13 de octubre de 1913, y a la seguridad de esta obligación la referida Tomasa Cortijo constituyó hipoteca voluntaria sobre un predio de terreno de tres cuerdas, radicado en el barrio de Santurce, cuya descripción aparece de la escritura que en dicha fecha se otorgó.

En 22 de octubre de 1913, Ramón Valdés en concepto de apoderado de su padre Ramón Valdés Cobián, declaró que había recibido de Tomasa Cortijo los $500 que habían sido garantizados por la hipoteca de referencia y en su virtud dicho apoderado dió carta de pago y canceló totalmente o trató de cancelar, la hipoteca que respondía de la deuda.

Al ser presentada esta escritura en el registro de la propiedad fué denegada su inscripción por la razón aducida de que el crédito hipotecario que se trataba de cancelar pertenecía a la sociedad conyugal que existía entre Don Ramón Valdés Cobián y su esposa Encarnación Cobián y Romeu y porque ésta no había prestado su consentimiento para hacer dicha cancelación, habiéndose tomado anotación preventiva en el registro por el término de 120 días.

Con el fin de subsanar el error aludido en la nota del registrador, Encarnación Cobián, que entonces era viuda de Ramón Valdés Cobián, ratificó o intentó ratificar en 2 de mayo de 1914, ante el mismo notario, el documento cuya inscripción fué denegada.    En el documento últimamente referido se hacía constar que dicha Encarnación Cobián en unión de su hijo Ramón Valdés Jr., entonces apoderado de su padre, recibieron de Tomasa Cortijo los $500 garantizados por la hipoteca constituída sobre la finca de referencia y que en su consecuencia dicha Encarnación Cobián otorgaba

a favor de Tomasa Cortijo la más solemne y eficaz carta de pago; que declaraba totalmente cancelada la hipoteca y deseaba que se cancelara la inscripción que de la misma se hizo en el registro de la propiedad.

Al presentarse en el registro de la propiedad esta escritura con la que se pretendía hacer la ratificación, el registrador denegó su inscripción por el fundamento de que, siendo enteramente nula la cancelación verificada por el apoderado Ramón Valdés, nadie sino los herederos de Ramón Valdés podían otorgar carta de pago o cancelación, y que la viuda Encarnación Cobián no podía otorgar dicha carta de pago o cancelación.

Estamos de acuerdo en que la escritura que fué primeramente otorgada por Ramón Valdés Jr., como apoderado de su padre era insuficiente para los efectos del registro, pues en ella no se hacía constar el consentimiento de la esposa de Ramón Valdés Cobián, pero no podemos convenir con el registrador al expresar que dicha escritura era completamente nula y que no podía ser ratificada. La escritura, en lo que hacía referencia a Ramón Valdés Cobián era eficaz para impedir que él o sus herederos promovieran ninguna cuestión en cuanto al pago. Verdaderamente que podría surgir la duda de si por el hecho de haber recibido Ramón Valdés Cobián los $500 de Tomasa Cortijo como administrador de la sociedad conyugal no tenía derecho a otorgar la carta de pago y cancelación, pero no es necesario que resolvamos esa cuestión. Como quiera que esto sea somos de opinión de que los actos ejecutados por Ramón Valdés obligaban a él y a sus herederos como cuestión de hecho, y por tanto que la escritura no era enteramente nula y que el defecto que contenía quedó subsanado por la presentación hecha por su viuda entonces, de la escritura de carta de pago y cancelación cuya inscripción fué posteriormente denegada. La jurisprudencia de este tribunal está en harmonía con este criterio.

En el caso de *Ledesma et al.* v. *Agrait et al.*, 19 D. P. R., 566, los hechos fueron que Silvestre Iglesias como apoderado de Salvador Ledesma y además en su carácter de apoderado de su esposa había otorgado una escritura de venta traspasando a su esposa la participación principal que él tenía en cierta casa. Después de dicha venta Ledesma escribió a Iglesias aprobando la transacción. La venta fué impugnada por ser absolutamente nula de acuerdo con el artículo 1362 del Código Civil, puesto que no podía un mandatario adquirir bienes de su principal. La corte resolvió que si el contrato contiene todos los requisitos que se determinan en el artículo 1228 del Código Civil, no es necesariamente nulo a no ser por razones que no existían en el caso de Ledesma y Agrait y que tampoco existen en el presente caso. La prohibición del artículo 1362 es tan terminante como la del artículo 1328, que prohibe al esposo enajenar bienes sin el consentimiento de su esposa. El caso de *Quiñones* v. *El Registrador de la Propiedad*, 20 D. P. R., 507, fué un caso en el cual se resolvió que el defecto de una escritura otorgada por un tutor sin tener autorización judicial expresa, quedó subsanado por la orden de la corte de carácter retroactivo (*nunc protunc*); y en el caso de *Caballero et al.* v. *Pomales et al*, 17 D. P. R., 719, se resolvió que la enajenación hecha por el marido sin el consentimiento aparente de la esposa podía quedar subsanada por virtud de una escritura en la que expresara la esposa que la escritura otorgada por su esposo lo fué con su consentimiento.

Por estas razones y a la luz de los precedentes que citamos debe revocarse la nota del registrador.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.